UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

MICHAEL K. SCOTT,

                   Plaintiff,

   -against-

LESTER N. WRIGHT, Associate Commissioner /
Chief Medical Officer, New York State Department
of Correctional Services; JENNIFER MITCHELL,
M.D., Facility Health Services Director, Arthur Kill
Correctional Facility; JAMSHED TEHRANY,
M.D., Facility Health Services Director, Arthur Kill
Correctional Facility; JOHN ALVES, M.D.,
Health Services Director, Southport Correctional
Facility; FRANCOIS THEBAUD, M.D.,

               Defendants.

-------------------------------------------------------------X

**Answer**
03 Civ. 4144 (ILG) (CLP)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 0 2 2004 ★

BROOKLYN OFFICE

Defendants, Drs. Lester N. Wright, Jennifer Mitchell, Jamshed Tehrany, John Alves, and Francois Thebaud, by their attorney ELIOT SPITZER, Attorney General of the State of New York, for an answer to plaintiff's complaint state as follows:

1.      Deny any and all allegations of the plaintiff except to the extent admitted below.

2.      Neither admit nor deny the allegations contained in paragraph 2 which are legal assertions best evaluated by the Court.

3.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 3, 9-26, 39-40, and 42.

4.      Deny the allegations in paragraph 4 except admit that Dr. Wright was the Chief Medical Officer for the New York State Department of Correctional Services ("DOCS") at

all times relevant to the complaint.

      5.      Deny the allegations in paragraph 5 except admit that Dr. Mitchell was the Facility Health Services Director at Arthur Kill Correctional Facility from 1998 until 2002 and from 2003 to the present.

      6.      Deny the allegations in paragraph 6 except admit that Dr. Tehrany was the Facility Health Services Director at Arthur Kill Correctional Facility from 1994 until 1998.

      7.      Deny the allegations in paragraph 7 except admit that Dr. Alves was the Facility Health Services Director at Southport Correctional Facility from 1995 until the present.

      8.      Deny the allegations in paragraph 8 except admit that Dr. Thebaud was a physician employed at Arthur Kill Correctional Facility from October 1998 until the present.

      9.      Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 32 except admit that on or about November 10, 2000, plaintiff was examined at the Southport medical clinic and transferred to St. Joseph's Hospital.

      10.      Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 33 except admit that on or about November 16, 2000, plaintiff had a contrast CAT scan performed at St. Joseph's Hospital.

      11.      Admit the allegations in paragraphs 34-36.

      12.      Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 37 except admit that on or about December 1, 2000, plaintiff met with Dr. Haas.

      13.      Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 38 except admit that on or about December 20, 2000, Dr. Haas operated on plaintiff and removed a cancerous tumor.

2

14.     Deny the allegations in paragraph 41 except admit that plaintiff sustained chronic renal failure and deep venous thrombosis of the lower extremities.

## DEFENSES

### FIRST DEFENSE

15.     The complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

16.     Defendants acted under the objectively reasonable belief that their acts were proper and in accord with clearly established law, and therefore, they are entitled to qualified immunity.

### THIRD DEFENSE

17.     The alleged injuries sustained by plaintiff in this action were caused in whole or in part by the conduct of one or more parties or entities for whose conduct defendants are not responsible.

### FOURTH DEFENSE

18.     Plaintiff's claims are barred by operation of the Eleventh Amendment of the United States Constitution.

### FIFTH DEFENSE

19.     The plaintiff's claims are barred, in whole or in part, by plaintiff's failure to satisfy administrative prerequisites and/or failure to exhaust administrative remedies.  Because plaintiff failed to exhaust administrative remedies, this action is barred by 42 U.S.C. § 1997e(a).

3

## SIXTH DEFENSE

20.     Any damage allegedly suffered in this matter by the plaintiff is solely and exclusively the product of plaintiff's own conduct.

## SEVENTH DEFENSE

21.     The alleged conduct was properly within the discretionary authority committed to defendants to perform their official function, and the relief prayed for would constitute an improper intrusion into said discretional authority.

22.     Principles of comity bar plaintiff's claims against defendants.

## EIGHTH DEFENSE

23.     Plaintiff cannot demonstrate physical injuries which would entitle him to monetary damages pursuant to 42 U.S.C. § 1997e(e).

## NINTH DEFENSE

24.     Plaintiff's claims may be barred, in whole or in part, by the relevant statute of limitations and/or the doctrine of res judicata or collateral estoppel.

## TENTH DEFENSE

25.     Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## ELEVENTH DEFENSE

26.     Plaintiff's claims are barred, in whole or in part, because they are moot.

## TWELFTH DEFENSE

27.     Plaintiff is not entitled to relief pursuant to 18 U.S.C. § 3626.

WHEREFORE, plaintiff's complaint should be dismissed with prejudice and defendants should be awarded their costs and reasonable attorney fees for responding to plaintiff's unwarranted action, and such other and further relief as this Court deems appropriate.

Dated: New York, New York
           August 2, 2004

ELIOT SPITZER
Attorney General of the
State of New York
Attorney for Defendants
By:

Jeffrey P. Metzler (JM 7025)
120 Broadway
New York, New York 10271
(212) 416-6511

## DECLARATION OF SERVICE

Judy Lorenz being duly sworn, deposes and says:

That she is more than 18 years old and employed as a secretary in the office of ELIOT

SPITZER, the Attorney General of the State of New York, Attorney for the defendants herein.  On

August 2, 2004 she served the annexed Answer upon the following named person:

> Michael K. Scott
> 94-A-2807
> Five Points Correctional Facility
> Caller Box 400
> State Route 96
> Romulus, NY 14541

plaintiff pro se in the within entitled proceeding by depositing a true and correct copy thereof, with

sufficient postage for first class mail, in a post-office box regularly maintained by the United States

Postal Service at 120 Broadway, New York, New York 10271 directed to said plaintiff at the address

within the State designated by him for that purpose.

I hereby affirm upon penalty of perjury that the foregoing is true and correct.

JUDY LORENZ